Roger A. Colvin, Esq. (SBN 68773)
Vincent C. Ewing, Esq. (SBN 177708)
Eric G. Salbert, Esq. (SBN 276073)
ALVAREZ-GLASMAN & COLVIN
Attorneys at Law
13181 Crossroads Parkway North, Suite 400
City of Industry, CA  91746
(562) 699-5500 · Facsimile (562) 692-2244
rcolvin@agclawfirm.com;  vewing@agclawfirm.com
esalbert@agclawfirm.com

Attorneys for Defendants,
CITY OF CHICO, CITY OF CHICO
POLICE DEPARTMENT

**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| BOBBY WARREN; ANDY LAMBACH; JONATHON WILLIAMS; MICHAEL SAMUELSON; TRACY MILLER; TONA PETERSEN; CAROL BETH THOMPSON; CHRISTA STEVENS,<br><br>                   Plaintiffs,<br>     vs.<br><br>CITY OF CHICO; CITY OF CHICO POLICE DEPARTMENT,<br><br>                   Defendants. | Case No.:  2:21-cv-00640-MCE-DMC<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF PURSUANT TO 42 U.S.C. § 1983**<br><br>Complaint Filed: April 11, 2021 |

This answer is filed on behalf of the following named Defendants only, and on behalf of no other party: CITY OF CHICO and CITY OF CHICO POLICE DEPARTMENT ("Defendants").

COME NOW the Defendants in answer to Plaintiffs BOBBY WARREN, ANDY LAMBACH, JONATHON WILLIAMS, MICHAEL SAMUELSON, TRACY MILLER, TONA PETERSEN, CAROL BETH THOMPSON and CHRISTA STEVENS' ("Plaintiffs") complaint ("Complaint") on file herein, and admit, deny and allege, as follows:

1. The herein answering Defendants have no information or belief sufficient to enable them to answer, and basing their denial on those grounds, deny generally and specifically each and

every allegation contained in the Complaint in paragraphs 1-5, 7-19, 21-26, 28-39, 40, 43, 54, 56, 59, 61-177.

2. The herein answering Defendants deny generally and specifically each and every allegation contained in the Complaint in paragraphs 6, 20, 44, 48, 51, 52, 53, 55, 57, 58, 60, 179-182, 184-187, 189-190, 192-193, 195, 197, 199, 201-203, 205-206, 207-214.

3. The herein answering Defendants admit the truth of the allegations contained in paragraphs 27, 41, 42, 45, 46, 47, 49, 50.

4. Answering paragraph 178 of the Complaint, repeating and realleging each allegation contained in paragraphs 1 through 177 of the Complaint, Defendants incorporate by reference the admissions, denials and allegations regarding said paragraphs contained therein.

5. Answering paragraph 183 of the Complaint, repeating and realleging each allegation contained in paragraphs 1 through 182 of the Complaint, Defendants incorporate by reference the admissions, denials and allegations regarding said paragraphs contained therein.

6. Answering paragraph 188 of the Complaint, repeating and realleging each allegation contained in paragraphs 1 through 187 of the Complaint, Defendants incorporate by reference the admissions, denials and allegations regarding said paragraphs contained therein.

7. Answering paragraph 191 of the Complaint, repeating and realleging each allegation contained in paragraphs 1 through 190 of the Complaint, Defendants incorporate by reference the admissions, denials and allegations regarding said paragraphs contained therein.

8. Answering paragraph 194 of the Complaint, repeating and realleging each allegation contained in paragraphs 1 through 193 of the Complaint, Defendants incorporate by reference the admissions, denials and allegations regarding said paragraphs contained therein.

9. Answering paragraph 196 of the Complaint, repeating and realleging each allegation contained in paragraphs 1 through 195 of the Complaint, Defendants incorporate by reference the admissions, denials and allegations regarding said paragraphs contained therein.

10. Answering paragraph 198 of the Complaint, repeating and realleging each allegation contained in paragraphs 1 through 197 of the Complaint, Defendants incorporate by reference the admissions, denials and allegations regarding said paragraphs contained therein.

11. Answering paragraph 200 of the Complaint, repeating and realleging each allegation contained in paragraphs 1 through 199 of the Complaint, Defendants incorporate by reference the admissions, denials and allegations regarding said paragraphs contained therein.

12. Answering paragraph 204 of the Complaint, repeating and realleging each allegation contained in paragraphs 1 through 203 of the Complaint, Defendants incorporate by reference the admissions, denials and allegations regarding said paragraphs contained therein.

## FIRST SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

13. The Complaint filed herein and each purported cause of action alleged therein, fails to state facts sufficient to constitute a valid cause of action against Defendants for violation of 42 U.S.C. section 1983 or any contingent or related state law claims.

## SECOND SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE

### (Lack of Standing)

14. Plaintiffs are barred from recovery by reason of lack of standing to bring the instant action.

## THIRD SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE

### (Laches)

15. Plaintiffs, by delaying prosecution of this action until the present time, are barred in whole or in part by the doctrine of laches from maintaining each and every purported cause of action alleged in the Complaint, or from recovering any damages thereunder from Defendants.

## FOURTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

16. The alleged claims in the Complaint are barred to the extent Plaintiffs failed to mitigate damages.

## FIFTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE

### (Acts or Omissions of Plaintiff)

17. The alleged claims in the Complaint are barred to the extent that damages, if any, resulted from the acts and/or omissions of Plaintiffs.

///

## SIXTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE

**(Estoppel)**

18.    The Complaint and each purported cause of action alleged therein are barred, in whole or in part, by the doctrine of estoppel.

## SEVENTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE

**(No Injury to Plaintiff)**

19.    The Complaint, and each cause of action contained therein, is barred because Plaintiffs have not been injured at all as a result of the alleged conduct by Defendants.

## EIGHTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE

**(Failure to Plead with Certainty and Particularity)**

20.    The allegations of the Complaint, and each purported cause of action contained therein, are not pled with sufficient particularity and are uncertain, vague, ambiguous and unintelligible.

## NINTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE

**(Unclean Hands)**

21. Plaintiffs' equitable claims are barred by the doctrine of unclean hands.

## TENTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE

**(Additional Defenses)**

22.    Defendants reserve the right to allege additional defenses as they become known during discovery, and to amend their Answer accordingly.

## ELEVENTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE

**(Good Faith Defendant)**

23.    Plaintiffs are not entitled to statutory damages because at all relevant times, Defendants acted in good faith with an honest and reasonable belief that their actions were appropriate, in an effort to comply with all state and federal laws and regulations.

## TWELFTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE

**(Reasonable Conduct)**

24.    Defendants are immune from liability under the federal law because a reasonable peace officer could believe that his or her acts and conduct were appropriate.

### THIRTEENTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE

### (No Violation of Rights)

25. Defendants are immune from liability under federal law because their conduct did not violate clearly established rights.

### FOURTEENTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE

### (Compliance with Applicable Laws)

26. Defendants are absolved from any and all liability for the wrongs alleged in the Complaint by reason of their full compliance with all statutes, regulations, or other laws in effect at the time of the conduct alleged in the Complaint.

### FIFTEENTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE

### (Public Interest)

27. Defendants acted lawfully within the duty, authority or rights given by way to so act in protection of the public interest.

### SIXTEENTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE

### (Due Process)

28. The Plaintiffs' claims under federal law are barred because the alleged deprivation of civil rights was not without due process of law.

### SEVENTEENTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE

### (Respondeat Superior)

29. The Plaintiffs' claims under federal law against Defendants are barred because there is no doctrine of repondeat superior.

### EIGHTEENTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE

### (Statute of Limitations)

30. All of Plaintiffs' causes of action are time-barred by the applicable statute of limitations.

### NINETEENTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE

### (No Discrimination)

31. Plaintiffs are barred from recovery because Defendants' alleged conduct was neither discriminating nor done with deliberate indifference.

### TWENTIETH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE

**(Discretionary Immunity)**

32. The Complaint and each cause of action therein are insufficient to state a cause of action because Defendants are immune from any liability arising from the alleged conduct of Defendants which resulted from the exercise of discretion vested in the Defendants who undertook the conduct.

### TWENTY-FIRST SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE

**(Qualified Immunity)**

33. Plaintiffs are barred from suit because the Defendants are immune under the doctrine of qualified immunity.

### TWENTY-SECOND SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE

**(Exhaustion of Administrative Remedies)**

34. The Complaint and each cause of action therein are insufficient to state a cause of action because Plaintiffs have failed to exhaust his administrative remedies.

### TWENTY-THIRD SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE

**(California Government Claims Act)**

35. Plaintiffs' claim for money damages, as well as any other cause of action or relief sought to the extent they may implicate the Claim Presentation requirements in the California Government Code, is barred because the money and damages sought in the Complaint are barred by the Claim Presentation requirements in the California Government Code.

### TWENTY-FOURTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE

**(California Government Code section 815)**

36. Pursuant to the provisions of California Government Code section 815, a public entity is not liable for any injury, whether such injury arises out of an act or omission of the public entity or a public employee, or any other person, unless there is express statutory liability for the said act or omission, and even such statutory liability is subject to any statutory immunity of the public entity, and is further subject to any defenses that would be available to the public entity if it were a private person.

/ / /

/ / /

**TWENTY-FIFTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE**

**(California Government Code section 815.2(b))**

37. Pursuant to the provisions of California Government Code section 815.2(b), a public entity is not liable for any injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.

**TWENTY-SIXTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE**

**(California Government Code sections 815.2(b) and 820.2)**

38. Pursuant to the provisions of California Government Code sections 820.2 and 815.2(b), a public entity is not liable for any injury resulting from the act or omission of its employee where the act or omission was a result of the exercise of the discretion vested in that public employee, whether or not such discretion was abused.

**TWENTY-SEVENTH SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSE**

**(California Government Code sections 815.2(b) and 820.4)**

39. Pursuant to the provisions of California Government Code sections 815.2 and 820.4, public entities and public employees are not liable for injuries resulting from the execution or enforcement of any law while exercising due care.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

### PRAYER FOR RELIEF

WHEREFORE, answering Defendants pray for judgment as follows:

1. That Plaintiffs take nothing by way of their Complaint;

2. That Judgment be rendered in favor of the Defendants against Plaintiffs, and that Plaintiffs' Complaint be dismissed in its entirety and with prejudice;

3. That Defendants be awarded their costs of suit incurred in the defense of this action;

4. That Defendants be awarded their attorneys' fees incurred in the defense of this action; and

5. For such other relief as the Court deems proper.

Dated:  June 9, 2021                **ALVAREZ-GLASMAN & COLVIN**

By: _____
      Eric G. Salbert
Attorneys for Defendants,
CITY OF CHICO and CITY OF CHICO POLICE DEPARTMENT

**CERTIFICATE OF SERVICE**

I hereby certify that on June 9, 2021, I electronically filed the foregoing document with the Clerk of the Court for the UNITED STATES DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

                /S/ *Liza Slaughter*
                Liza Slaughter

4845-1231-3326, v. 1