UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY WARREN, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>CITY OF CHICO, et al.,<br><br>　　　　Defendants. | No.  2:21–cv–640–MCE–KJN<br><br>ORDER TO SHOW CAUSE |

　　　　In July 2021, the assigned district judge in this matter referred the parties to the undersigned for a settlement conference.  (ECF No. 103.)  Thereafter, the court set a settlement conference, and issued a number of ancillary orders related to those proceedings.  (ECF No. 111.) One of these ancillary orders concerned the confidentiality of all information exchanged between the parties in furtherance of settlement.  (Id. ("The Settlement Conference is confidential and not open for public attendance.").)  Further, at the start of the August 30 conference, the undersigned verbally reminded the parties of their continuing obligations of confidentiality, and admonished that any information shared in furtherance of settlement is to remain confidential.  This admonishment was repeated at the September 10 conference, and at that conference counsel for defendant confirmed that the confidentiality obligations were relayed to the members of the city council.  See Fed. R. Civ. P. 16(f) (authorizing a court to "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to . . . obey a pretrial

order"; see also Aloe Vera of Am. v. United States, 376 F.3d 960, 964-65 (9th Cir. 2004) ("All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders. . . . As a function of this power, courts can . . . award attorney's fees and assess fines.").

Despite these warnings, it was brought to the court's attention that a member of city council appeared on a local radio program airing certain specifics of the parties' positions as discussed during the settlement conferences, as well as disparaging the parties as a result of those positions.[1] Accordingly, IT IS HEREBY ORDERED that within seven days of the date of this order, defendants shall show cause why significant monetary sanctions should not issue against the City and/or the specific councilperson for this violation.

Dated:  September 13, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

warr.640

---

[1] See "Morning News Interviews" by Scott Michaels, posted September 9th, 2021, at 12:00a.m.: "Chico Councilman Sean Morgan breaks down the New ordinance just passed by the Council and if the Judge will approve to lift the Restraining Order as both sides meet with the Magistrate judge Friday Sep 10." Available at: https://kpay.com/podcasts/morning-show.