UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY WARREN, et al.,<br><br>           Plaintiffs,<br><br>      v.<br><br>CITY OF CHICO, et al.,<br><br>           Defendants. | No.  2:21–cv–640–MCE–DMC<br><br>DISCHARGE OF<br>ORDER TO SHOW CAUSE<br><br>(ECF No. 120.) |

      In July 2021, the assigned district judge in this matter referred the parties to the undersigned for a settlement conference.  (ECF No. 103.)  Thereafter, the court set a conference date and issued a number of ancillary orders related to those proceedings.  (ECF No. 111.)  One of these ancillary orders concerned the confidentiality of all information exchanged between the parties in furtherance of settlement.  (Id. ("The Settlement Conference is confidential and not open for public attendance.").)  Further, at the start of the August 30 conference, the undersigned verbally reminded the parties of their continuing obligations of confidentiality, and admonished that any information shared in furtherance of settlement is to remain confidential.  At the September 10 conference, this admonishment was repeated, and counsel for defendant confirmed that the confidentiality obligations were relayed to the members of the city council.

      On September 9, it was brought to the court's attention that a member of city council appeared on a local radio program airing certain specifics of the parties' positions as discussed

during the settlement conferences.[1]  The following day, the undersigned ordered defendants to show cause why sanctions should not issue for the violation of the court's order regarding confidentiality.  (ECF No. 120.)  See Fed. R. Civ. P. 16(f) (authorizing a court to "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to . . . obey a pretrial order"); see also Aloe Vera of Am. v. United States, 376 F.3d 960, 964-65 (9th Cir. 2004) ("All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders. . . . As a function of this power, courts can . . . award attorney's fees and assess fines.").  Defendants responded on September 17, wherein the councilperson admitted to negligently divulging certain details of the settlement negotiations, but "did not intend to disclose confidential settlement information and will not do so again."  (ECF No. 122.)  The councilperson agreed that if, in the future, he is asked about details of the negotiations, he will respond in the same manner as all other participants: "negotiations are ongoing; progress is being made; please be patient."  (Id.)

Given defendants' response, the court now DISCHARGES the order to show cause.  (ECF No. 120.)

Dated:  September 20, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

warr.640

---

[1] See "Morning News Interviews" by Scott Michaels, posted September 9th, 2021 at 12:00a.m.: "Chico Councilman Sean Morgan breaks down the New ordinance just passed by the Council and if the Judge will approve to lift the Restraining Order as both sides meet with the Magistrate judge Friday Sep 10."  Available at: https://kpay.com/podcasts/morning-show.