UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| BOBBY WARREN, et al., | No. 2:21-CV-00640-MCE-DMC |
|---|---|
| Plaintiffs, | |
| v. | **ORDER** |
| CITY OF CHICO, et al., | |
| Defendants. | |

By way of this action, Plaintiffs Bobby Warren, Andy Lambach, Jonathon Williams, Michael Samuelson, Tracy Miller, Tona Petersen, Carol Beth Thompson, and Christa Stevens (collectively "Plaintiffs"), who are homeless individuals, seek injunctive and declaratory relief preventing Defendants, the City of Chico ("City") and the City of Chico Police Department ("Police") (collectively "Defendants"), from enforcing various ordinances that purportedly prevent them from "sleeping, sitting, lying, resting and simply existing in the City of Chico."  Pls.' First Amended Compl. ("FAC"), ECF No. 34, ¶ 7. They also seek to enjoin the unconstitutional destruction of their personal property.

On April 11, 2021, this Court granted Plaintiffs' request for a temporary restraining order and converted it to a preliminary injunction on July 8, 2021.  ECF Nos. 37, 110. This Court referred the case to Magistrate Judge Kendall J. Newman for purposes of conducting a settlement conference.  Since then, Judge Newman has met with the

parties for settlement purposes no less than seven times. Approximately four months after the Court issued the preliminary injunction, six months after the case was initiated, and well into the parties' settlement discussions, a Motion to Intervene was filed by Michele Cooper, Sarah Stafford, and Chico Stewards for Parks and Waterways (collectively "CSPW"). ECF No. 126. That Motion, which all parties oppose, is DENIED.[1]

      The Court concludes that, under the circumstances, the Motion is untimely. This case has received the utmost attention both in the Chico area and throughout northern California. It has moved at breakneck speed since its inception and the record is clear that CSPW intended to intervene very early on. Nothing kept CSPW from doing so at any point prior to issuance of the preliminary injunction or in the immediate days that followed, especially as it became evident that the parties were working diligently toward a negotiated settlement.

      More importantly, however, assuming without deciding that CSPW has identified sufficiently protectable interests with respect to Plaintiffs' constitutional claims, the Court concludes that Defendants more than adequately represent those concerns. The City of Chico acts through representatives elected by Chico's own citizens. Not only is the City best situated to consider the interests of all of its citizens, it acts through an elected body specifically chosen to do so. If CSPW takes umbrage with the manner in which the City litigated matters in this particular proceeding, its recourse is in the voting booth, not in intervention. Indeed, if the Court were to permit CSPW to intervene under these circumstances, it would have to permit any and all dissatisfied citizens to participate in any litigation where a representative government entity negotiated a settlement of any claim. In sum, while CSPW may disagree with the City's strategic decisions, it simply has not shown that this disagreement results from diverging interests as opposed to what CSPW deems maybe unsatisfactory results.

---

[1] Having determined that oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs in accordance with E.D. Local Rule 230(g).

For this same reason, the Court finds that CSPW has not identified any independent common questions of law or fact with regard to their purported claims and the claims before this Court.  Nor have CSPW's allegations of general injury common to the public established the requisite standing to intervene.[2]  CSPW has thus not shown that it has any claims or defenses sufficient to warrant intervention in this case.

CSPW's Motion to Intervene (ECF No. 126) is DENIED.

IT IS SO ORDERED.

Dated:  January 14, 2022

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[2] Perhaps this is why CPSW could not point to, nor could the Court find, any authority standing for the proposition that intervention by third parties based on environmental concerns is appropriate in a case concerning the violation of fellow citizens' rights to be free from unlawful seizure and cruel and unusual punishment.