UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY WARREN, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF CHICO, et al.,<br><br>　　　　　Defendants. | No. 2:21–cv–640–MCE–KJN<br><br>ORDER<br><br>(ECF No. 160.) |

　　　　In January of 2022, the parties settled this case, and all claims were dismissed. (ECF No. 153.) In the settlement agreement, the parties provided for continuing jurisdiction and enforcement of the settlement with the undersigned. Thereafter, the parties negotiated over, among other things, the rules for the housing site (hereafter the "Campus"). In April, the parties requested rulings on some of the City's proposed rules, and so the court set a hearing and ordered briefing. (ECF Nos. 160 to 166.) On April 28, 2022, the court held a hearing regarding the areas in dispute. (ECF No. 168.)

　　　　Under California law, "contracts are to be interpreted according to the objective intent of the parties." Daniels v. Aguillera, 2019 WL 95510, *3 (E.D. Cal. Jan. 3, 2019) (citing Beck v. American Health Group Int'l, Inc., 211 Cal. App. 3d 1555, 1562 (Cal. Ct. App. 1989); Cal. Civ. Code § 1636 (2009)). When reduced to writing, "the intention of the parties is to be ascertained from the writing alone, if possible. Evans v. Y's Fries, Inc., 2011 WL 1899778, *2 (E.D. Cal.

May 19, 2011) (citing <u>AIU Ins. Co. v. Superior Court</u>, 51 Cal.3d 807, 822 (1990)).  After discussion with the parties, and for the reasons stated on the record, the court ORDERS:

1. The City's request to include a 3-bin limit for personal property is DENIED (but personal property may be limited as set forth in the settlement agreement).
2. The City's request to institute a curfew from 11:00 p.m. to 7:00 a.m. is DENIED. However, the City may institute expanded quiet hours between 10:00 p.m. and 7:00 a.m.
3. The City's request to conduct warrant checks is GRANTED IN PART.  The City may conduct warrant checks on individuals seeking housing on the Campus, and may notify law enforcement if any such person has an outstanding warrant for a violent felony or sex offense.  At this time, the City may not include a rule requiring notification of any outstanding misdemeanor warrants.  However, the parties shall come to an agreement on whether there are any <u>violent</u> misdemeanors for which law enforcement and the campus operators should be notified.  To effectuate the notification process, the City shall maintain an information wall between its agent checking all warrants and the law enforcement officers responsible for acting on any outstanding warrants addressed in this rule.
4. The City's request to include a rule allowing for the expulsion from the Campus of an occupant solely for acts that occur outside of the Campus is DENIED without prejudice.
5. The City's request to include a rule requiring dogs to be muzzled while on the Campus and outside of the occupant's unit is GRANTED.  The City shall provide a muzzle to any occupant needing one for purposes of this rule.  Counsel shall promptly confer on any possible ways to modify this rule, while still maintaining the safety of the residents as well as other dogs on the campus.
6. The City's request to limit one dog at a time in the pet run is DENIED without prejudice, subject to the parties conferring on how to make best use of the dog run(s).
7. The parties agree on the terms of the current bag search and amnesty box provisions

on a temporary basis, and so the City's request regarding these rules is GRANTED.

8. Now that the Campus is open and assessing individuals, and now that all rules are in place for the operation of the Campus, the City may begin enforcing its ordinances as provided for by Paragraphs 9, 10 and related sections of the Settlement Agreement.

All of these rulings are potentially subject to revisiting and revising in the future based upon actual experiences at the campus, to ensure the campus is being operated in the safest, most optimal fashion for the residents of the campus and the City of Chico.

Dated: April 29, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

warr.640