UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY WARREN, et al., | No. 2:21–cv–640–MCE–KJN |
| Plaintiffs, | <u>ORDER AFTER INFORMAL CONFERENCE</u> |
| v. | (ECF No. 189.) |
| CITY OF CHICO, et al., | |
| Defendants. | |

The court held an informal conference in this matter on February 22, 2023. For the reasons stated at the hearing, it is HEREBY ORDERED that:

1. When O&E Staff determine there is not appropriate shelter space for a homeless person (pursuant to par. 10(m) of the agreement), and the City chooses to have this person be provided with alternate sites, it must provide three alternative sites, given the language in the agreement. The City and plaintiff's counsel shall confer over the current planned enforcement action (at the encampment located at Eaton Road and Cohasset Road) regarding the availability of alternate sites, and as expressed at the hearing, the City may continue with its enforcement action if at least two alternate sites are available with plaintiffs to make a third site promptly available. Thereafter, three sites are required. The City and plaintiff's counsel shall confer over the design of these three sites, including a proposed subdivision of one lot into two sites, if those sites are reasonably distinct. The

1

City may reasonably regulate these alternate sites.

2. If, after a referral to an alternate site, the homeless person goes to one of the three alternate sites, the City may not enforce against that person for at least 60 days, as agreed to in par. 10(m).  However, the City is not barred from conducting an enforcement action at those locations against other individuals at those alternate sites (provided the procedures in the settlement agreement are followed) against other homeless persons who are not entitled to the benefit of the 60-day protection under par. 10(m).

3. Regarding individuals with RVs located in an area where the City has given notice of a planned enforcement, the City need not count those individuals when conducting the pre-enforcement count.  However, O&E Staff shall include those individuals in their outreach and assessment processes, and offer those individuals shelter if appropriate

4. Regarding a homeless person who has been previously assessed but not staying at the location for which they were assessed as appropriate, the City need not count those individuals when conducting a pre-enforcement count.  However, O&E Staff shall continue their outreach and assessment for these individuals, and once again offer them shelter if appropriate.

Dated:  February 24, 2023

warr.640

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE