UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY WARREN, et al., | No. 2:21-cv-00640-DAD-DMC |
| Plaintiffs, | |
| v. | ORDER GRANTING LEAVE TO FILE SUR-REPLY TO THE PENDING MOTION FOR RELIEF FROM FINAL JUDGMENT |
| CITY OF CHICO, et al., | |
| Defendants. | (Doc. No. 220) |

This matter is before the court on plaintiffs' motion to file a sur-reply in support of plaintiffs' opposition to defendants' pending motion for relief from final judgment. (Doc. No. 220.) For the reasons explained below, the court will grant plaintiffs' motion to file a sur-reply.

On January 14, 2022, this action was dismissed with prejudice by the previously assigned district judge pursuant to the parties' settlement agreement. (Doc. No. 153.) The court retained exclusive jurisdiction for a period of five years to enforce that settlement agreement and referred the matter to then-Magistrate Judge Kendall J. Newman[1] to resolve any future disputes pursuant to the dispute resolution procedures outlined in the settlement agreement. (Doc. No. 153 at 4.) On August 31, 2024, defendants filed a motion for relief from final judgment seeking "*limited relief* that would allow all City pre-enforcement and enforcement of Anti-Camping Ordinances and Regulations in accordance with local, state, and federal laws, including the *Grants Pass*

---

[1] As a result of Magistrate Judge Newman's retirement, Chief Magistrate Judge Carolyn K. Delaney was reassigned as the settlement judge in this action. (Doc. No. 201.)

1

1 decision." (Doc. No. 209 at 13.)[2]  In their opposition, plaintiffs argue that by filing a motion for relief from final judgment, defendants are attempting to improperly bypass the dispute resolution process outlined in the settlement agreement, which requires the parties to meet and confer informally and then attend a conference with a magistrate judge before filing a motion to modify the settlement. (Doc. No. 216 at 11–12.)  In their reply, defendants stated that they "respectfully request[] that this [c]ourt provide relief from, *inter alia*, the dispute resolution procedures . . . ." (Doc. No. 218 at 17.)  Plaintiffs subsequently filed the pending motion for leave to file a sur-reply to address defendants' request for relief from the dispute resolution process. (Doc. No. 220 at 2.)

Parties do not have a general right to file sur-reply briefs. *See* L.R. 230.  However, "nothing in the Federal Rules of Civil Procedure prevents the court from granting a party leave to file a sur-reply." *McGechie v. Atomos Ltd.*, No. 2:22-cv-01812-DJC-DB, 2023 WL 2918681 at *1 (E.D. Cal. Apr. 12, 2023).  "A decision to grant or deny leave to file a sur-reply is generally committed to the sound discretion of the court." *Tounget v. Valley-Wide Recreation & Park Dist.*, No. 16-cv-00088-JGB-KK, 2020 WL 8410456 at *2 (C.D. Cal. Feb. 20, 2020) (internal quotation and citation omitted).  "Although the [c]ourt may in its discretion permit the filing of a sur[-]reply, this discretion should be exercised in favor of allowing a sur[-]reply only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005).

In their motion for leave to file a sur-reply, plaintiffs contend that defendants' request for relief from the dispute resolution process as set forth in their reply brief "clarif[ied] the relief sought" and that plaintiffs "should have an opportunity to respond" to that new argument. (Doc. No. 220 at 2.)  In defendants' opposition to plaintiffs' motion for leave to file a sur-reply, defendants argue that, because their original motion for relief from judgment seeks relief from "cumbersome notice and enforcement procedures" in the settlement agreement, this implicitly

---

[2] On September 6, 2024, this case was reassigned to the undersigned. (Doc. Nos. 210, 211.)  On September 10, 2024, defendants re-noticed their motion for relief from final judgment in front of the undersigned. (Doc. No. 213.)

2

also seeks relief from the dispute resolution process, including relief from the required processes prior to the filing of any motion for relief from final judgment. (Doc. No. 222 at 3–4.) The court has reviewed defendants' motion for relief from judgment and observes that the "cumbersome notice and enforcement procedures" that defendants refer to solely regard substantive portions of the settlement agreement, such as the processes of noticing specific encampment sites to be cleared, counting the occupants, assessing willingness to enter a shelter, etc. (Doc. No. 213 at 14.) Accordingly, the court is not persuaded that defendants' motion for relief from judgment sufficiently notified plaintiffs that defendants are also seeking relief from the dispute resolution process outlined in the parties' settlement agreement. Thus finds that plaintiffs have stated good cause for the filing of a sur-reply. And their motion for leave to file a sur-reply will be granted.

Also in their opposition to plaintiffs' motion for leave to file a sur-reply, defendants request that, should the court grant plaintiffs' request, the court also grant defendants "permission to file a reply to the sur-reply." (Doc. No. 222 at 5.) However, granting this request at this point would encourage "an endless volley of briefs." *Garrison v. Ne. Ga. Med. Ctr.*, 66 F. Supp. 2d 1336, 1340 (N.D. Ga. 1999). Therefore, the court will deny defendants' request to file a reply to the sur-reply without prejudice to renewal if appropriate.

Accordingly,

1. Plaintiffs' motion for leave to file a sur-reply (Doc. No. 220) is granted;
2. The hearing on the pending motion set for November 19, 2024 in this matter is hereby vacated; and
3. Within fourteen (14) days of the date of entry of this order, plaintiffs shall file a sur-reply to defendants' reply in support of their motion for relief from final judgment (Doc. No. 218). Plaintiffs' sur-reply may only address new arguments raised for the first time in defendants' reply.

IT IS SO ORDERED.

Dated: **November 14, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE