UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY WARREN, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>CITY OF CHICO, et al.,<br><br>          Defendants. | No. 2:21-cv-00640-DAD-AC<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY AND DENYING AS MOOT PLAINTIFF'S EX PARTE APPLICATION TO SHORTEN TIME ON PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY<br><br>(Doc. Nos. 244, 245) |

This matter is before the court on plaintiffs' motion to file a sur-reply in support of its opposition to defendants' motion for relief from final judgment. (Doc. No. 245.) For the reasons explained below, the court will deny plaintiffs' motion to file a sur-reply.

On August 14, 2025, defendants filed a second motion for relief from final judgment. (Doc. No. 239.) On August 28, 2025, plaintiffs filed an opposition to defendants' motion. (Doc. No. 240.) On September 8, 2025, defendants filed a reply in support of their motion for relief from final judgment. (Doc. No. 242.) Plaintiffs subsequently filed the pending motion for leave to file a sur-reply in support of its opposition to defendants' motion. (Doc. No. 245.)

Parties do not have a general right to file sur-reply briefs. *See* L.R. 230. However, "nothing in the Federal Rules of Civil Procedure prevents the court from granting a party leave to

1

file a sur-reply." *McGechie v. Atomos Ltd.*, No. 2:22-cv-01812-DJC-DB, 2023 WL 2918681 at *1 (E.D. Cal. Apr. 12, 2023). "A decision to grant or deny leave to file a sur-reply is generally committed to the sound discretion of the court." *Tounget v. Valley-Wide Recreation & Park Dist.*, No. 16-cv-00088-JGB-KK, 2020 WL 8410456 at *2 (C.D. Cal. Feb. 20, 2020) (internal quotation and citation omitted). "Courts generally view motions for leave to file a sur-reply with disfavor." *Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*, No. 3:17-cv-01118-BEN-BLM, 2018 WL 3198800, at *1 (S.D. Cal. June 26, 2018). "Although the Court may in its discretion allow the filing of a sur-reply, this discretion should be exercised in favor of allowing a sur-reply only where a valid reason for such additional briefing exists." *Johnson v. Wennes*, No. 08-cv-01798-MJL-JMA, 2009 WL 1161620, at *2 (S.D. Cal. Apr. 28, 2009).

In their motion for leave to file a sur-reply, plaintiffs argue that defendants' reply in support of their motion for relief from final judgment includes a new legal argument. (Doc. No. 245 at 3.) Specifically, plaintiffs contend that defendants are now arguing that the recent Supreme Court decision in *Trump v. CASA, Inc.*, 606 U.S. 831 (2025) constitutes a change in law such that prospective enforcement of the settlement agreement is inequitable. (*Id.*) A review of the underlying motion shows that defendants argue that prospective enforcement of the settlement agreement is inequitable in part on the basis that the underlying incorporated settlement agreement was approved without the use of class certification procedures and is therefore void.[1] (Doc. No. 239 at 21.) Defendants then state in conclusory fashion in their reply brief that the decision in *Trump v. CASA, Inc.* constitutes a change in law which further supports their position. (Doc. No. 242 at 20.) To the extent that plaintiffs are correct in claiming that this conclusory assertion constitutes a new argument, "the Court need not and will not consider [that] new argument[]" because it was raised for the first time in defendants' reply brief. *Hooks v. Target Corp.*, No. 5:22-cv-00052-SSS-SP, 2023 WL 4680337, at *1 (C.D. Cal. May 11, 2023) (citing *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007)). Because of this, the court is unpersuaded that a sur-reply is warranted here.

---

[1] The court notes that defendants' motion appears to be duplicative in this regard of their motion for relief under Federal Rule of Civil Procedure 60(b)(4). (Doc. No. 239 at 9–15.)

Accordingly, the court DENIES plaintiffs' motion for leave to file a sur-reply in support of their opposition to defendants' pending motion for relief from final judgment (Doc. No. 245). The court also DENIES plaintiffs' *ex parte* application to shorten time regarding the motion for leave to file a sur-reply (Doc. No. 244) as having been rendered moot by this order.

IT IS SO ORDERED.

Dated: **September 16, 2025**

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE