UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY WARREN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF CHICO, et al.,<br><br>Defendants. | No. 2:21-cv-00640-DAD-AC<br><br>ORDER DENYING DEFENDANTS'<br>MOTIONS FOR RELIEF FROM FINAL<br>JUDGMENT<br><br>(Doc. Nos. 239) |

This matter came before the court on October 6, 2025 for hearing on defendants' second motion for relief from final judgment (Doc. No. 239) brought pursuant to Federal Rule of Civil Procedure 60(b). (Doc. No. 253.) For the reasons explained below, the court will deny defendants' motions.

## BACKGROUND

The court previously described the factual and procedural background for this action in its March 31, 2025 order denying defendants' first motion for relief from summary judgment. (Doc. No. 226 at 1–4.) The court adopts and incorporates it here.

On August 14, 2025, defendants filed the pending motion for relief from final judgment from the previously-assigned district judge's order dismissing this action and retaining jurisdiction to enforce the parties' settlement agreement ("the Settlement Agreement") (Doc. No. 153). (Doc. No. 239.) On August 28, 2025, plaintiffs filed their opposition. (Doc. No. 240.) On

1

September 8, 2025, defendants filed their reply thereto.  (Doc. No. 242.)  On September 10, 2025, defendants filed a motion to modify the settlement agreement, noticing that motion for hearing before the magistrate judge.  (Doc. No. 243.)  On September 24, 2025, plaintiffs filed their opposition to defendants' motion to modify the Settlement Agreement.  (Doc. No. 249.)

**LEGAL STANDARD**

Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence."  *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).  Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b).

**DISCUSSION**

Defendants move for relief from the Settlement Agreement pursuant to Rule 60(b)(4) on the grounds that the Settlement Agreement was, in effect, a class settlement and that the court did not have jurisdiction to approve a class settlement without first certifying a class.  (Doc. No. 239 at 9–15.)  Defendants also move pursuant to Rule 60(b)(4) on the basis that the Settlement Agreement unlawfully surrenders the City of Chico's police power and that the court lacks jurisdiction to approve an illegal settlement.  (*Id.* at 16–20.)  Finally, defendants again move for relief pursuant to Rule 60(b)(5) on the basis that compliance with the Settlement Agreement requires surrendering police powers, which they contend is unlawful.  The court addresses each of these arguments in turn.

**A.      Rule 60(b)(4)**

      1.      <u>Timeliness</u>

Rule 60(c)(1) provides that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the

2

judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "The Ninth Circuit and its sister circuits have, however, often given great leniency to Rule 60(b)(4) motions in particular." *Chambers v. Knight*, No. 18-cv-02906-BAS-BGS, 2020 WL 5759685, at *3 (S.D. Cal. Sept. 28, 2020). To that end, "the Ninth Circuit has held that there is no [strict] time limit on a Rule 60(b)(4) motion to set aside a judgment as void." *Kane v. PaCap Aviation Fin., LLC*, No. 19-cv-00574-JAO-RT, 2025 WL 2145832, at *4 (D. Haw. July 18, 2025) (internal brackets and quotation marks omitted) (quoting *Meadows v. Dom. Rep.*, 817 F.2d 517, 521 (9th Cir. 1987)).

Nevertheless, the Ninth Circuit has recently recognized that a motion under Federal Rule of Civil Procedure 60(b)(4) can fail to be brought within a reasonable time. *Cotterill v. City and County of San Francisco*, No. 23-3327, 2025 WL 484697, at *1 (9th Cir. Feb. 13, 2025) (finding that the appellant failed to bring a timely Rule 60(b)(4) motion where the motion was filed nine years after the entry of judgment).[1] Similarly, a district court has found that a Rule 60(b)(4) motion seeking to vacate a settlement agreement was not brought within a reasonable time where the motion was filed seven years after the order incorporating the settlement agreement. *Teun Van Riel Horse Supplements v. Ayora*, No. 8:12-cv-01496-JVS-JCG, 2023 WL 11840266, at *4 (C.D. Cal. Sept. 15, 2023) (denying the defendants' Rule 60(b)(4)–(6) motions as untimely). Here, defendants' motion was filed 3.5 years after the previously-assigned judge's dismissal order incorporating the parties' Settlement Agreement (Doc. No. 153), approximately one year after their prior motion seeking relief from final judgment (Doc. Nos. 209, 213), and 4.5 months after the undersigned's order denying that motion for relief from final judgment (Doc. No. 226). At no point prior to defendants filing the pending motion on August 14, 2025 has any party suggested that the court lacked jurisdiction to incorporate the Settlement Agreement in its dismissal order. Defendants also did not raise this argument through any appeal. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) ("[A] motion under Rule 60(b)(4) is not a substitute for a timely appeal."). In short, defendants have had several opportunities over the course of multiple years to challenge the previously assigned district judge's dismissal order for lack of jurisdiction

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

3

and have not made any showing of new facts that had prevented them from discovering the purported lack of jurisdiction to explain their delay.

Accordingly, the court finds that this is the rare case where a motion brought pursuant to Rule 60(b)(4) is untimely.  Nevertheless, despite so concluding, the court will address the merits of that motion below.

2.    The Applicability of Rule 23

Defendants argue that the Settlement Agreement they entered is unlawful because it provides relief to individuals who were not named as parties in this action.  (Doc. No. 239 at 9–10.)  Thus, defendants contend that the Settlement Agreement's effect was a class settlement, that this court never certified a class pursuant to Federal Rule of Civil Procedure 23, and that accordingly the court lacked jurisdiction to enter relief that benefitted non-parties.[2]  (*Id.* at 10–15.)  Plaintiffs argue that the Settlement Agreement is not a class settlement because this action

---

[2]  This is the third inconsistent position defendants have taken in characterizing their Settlement Agreement.  (*See* Doc. Nos. 150-1 (in a proposed order referring to the settlement agreement as an executed settlement agreement and requesting that the court retain jurisdiction for enforcement purposes); 218 at 8 ("A party may seek relief under Federal Rule of Civil Procedure 60(b)(5) from a consent decree such as the Stipulated Order[.]"); 239 at 11 ("The Agreement is an unlawful class-wide settlement.").)  Though the parties have not raised this issue, the court notes that judicial estoppel may bar defendants from advancing this new argument. *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 778 (9th Cir. 2009) ("The doctrine of judicial estoppel is an equitable doctrine a court may invoke to protect the integrity of the judicial process. It was developed to prevent litigants from playing fast and loose with the courts by taking one position, gaining advantage from that position, then seeking a second advantage by later taking an incompatible position.") (internal citations omitted).  Judicial estoppel applies where:  "[(1)] a party's later position [is] clearly inconsistent with its earlier position[; (2)] the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled[; and (3)] the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001) (internal citations and quotation marks omitted).  Here, defendants have taken multiple contrary positions, persuaded the previously assigned district judge that theirs was a private settlement agreement such that Rule 23 analysis was not required, and now aim to place plaintiffs at a disadvantage by unwinding the bargain the parties voluntarily entered.  Accordingly, judicial estoppel appears to apply.  Nevertheless, because this issue was "raised on the Court's own motion" and because defendants' motion will be denied for separate reasons, the court will not rely on judicial estoppel in denying defendants' motion. *United States v. Washington*, 20 F. Supp. 3d 777, 804–05 (W.D. Wash. 2004) (declining to apply judicial estoppel where it was raised on the court's own motion).

4

was never pled as a class action and the Settlement Agreement does not bind any non-parties. (Doc. No. 240 at 13.)  Plaintiffs also point out that, under California contract law, third parties who are not plaintiffs can benefit from a settlement agreement.  (*Id.* at 14.)

For Federal Rule of Civil Procedure 23 to apply, the court would be required to find that the Settlement Agreement rendered this action a class action.  It did not.  "Class action suits are representative suits brought on behalf of groups of persons who are similarly situated but who may or may not be parties to the suit.  Class members who are not parties to a class action suit nevertheless are bound by the judgment in the suit, and due process is satisfied, if the absent members' interests are adequately represented by the class members who are present." *Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (internal citation omitted).  "Neither a proposed class action nor a rejected class action may bind nonparties.  What does have this effect is a class action approved under Rule 23." *Smith v. Bayer Corp.*, 564 U.S. 299, 315 (2011).  Here, the Settlement Agreement does not purport to release claims by non-parties to this action and so does not "bind" non-parties in a preclusive fashion as does a class action.  (*See* Doc. No. 153-1 at ¶ 18) (specifically releasing defendants from claims by the named plaintiffs but not referencing any non-party to the action).

Indeed, in the context of a consent decree, the Ninth Circuit has flatly rejected the contention that defendants' make here. *See Hook v. State of Ariz., Dep't of Corr.*, 972 F.2d 1012, 1014–15 (9th Cir. 1992).  In *Hook*, the Ninth Circuit observed that the original action in that case was not certified as a class action but was dismissed following the entry of a consent decree. *Id.* The defendant argued that the plaintiffs, who were not parties in the original action, could therefore not enforce the consent decree. *Id.*  The Ninth Circuit explained as follows:

> We begin our analysis of this issue by noting that consent decrees are essentially contractual agreements that are given the status of a judicial decree.  Contract principles are generally applicable in our analysis of consent decrees, providing contract analysis does not undermine the judicial character of the decree.  Key to the present case, consent decrees are construed as contracts for purposes of enforcement.
>
> Therefore, enforcement of consent decrees is governed by the established contract principle that non-parties as intended third party beneficiaries, may enforce an agreement.  This principle is consistent

> with the Federal Rules of Civil Procedure: "When an order is made in favor of a person who is not a party to the action, that person may enforce obedience to the order by the same process as if a party." In short, intended third party beneficiaries of a consent decree have standing to enforce the decree.

*Id.* (internal citations omitted). In light of the well-established principle that "[a] settlement agreement is in the nature of a contract and is therefore governed by the same legal principles applicable to contracts generally[]" the court finds the Ninth Circuit's analysis in *Hook* to be instructive regarding whether an intended third-party beneficiary could enforce the Settlement Agreement. *Timney v. Lin*, 106 Cal. App. 4th 1121, 1127 (2003) (internal quotation marks omitted); *see also O'Neil v. Bunge Corp.*, 365 F.3d 820, 822 (9th Cir. 2004) ("Typically, the construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally.") (internal quotation marks and brackets omitted). Accordingly, the structure of the Settlement Agreement providing for relief broader than that to be enjoyed solely by the named parties to the action does not render the Settlement Agreement a class settlement.

Next, defendants argue for the first time in their reply that those homeless persons that the Settlement Agreement's structure was meant to benefit are somehow not intended third party beneficiaries of the Settlement Agreement. (Doc. No. 242 at 12–14.) Even were this baseless interpretation of the Settlement Agreement accurate, defendants' argument misses the mark. Whether a non-party to the original action could enforce the Settlement Agreement is not at issue before the court. The only relevant question is whether the Settlement Agreement was a class action because it is in this regard that defendants maintain that the Settlement Agreement is void. For the reasons explained above, the court concludes that it was not.[3]

/////

/////

---

[3] The parties also dispute whether failure to certify under Rule 23 is a "procedural" or "jurisdictional" error. (Doc. Nos. 240 at 10-11 (plaintiffs citing Ninth Circuit authority referring to Rule 23 as a "rule of procedure"); 242 at 9 (arguing that "jurisdictional exceptions" regarding class actions only apply where Rule 23 is followed)). The court also does not decide this issue because it will deny defendants' motion on other grounds.

3.      Surrender of Police Power

Defendants contend that the Settlement Agreement unlawfully surrendered the City of Chico's police power and that, accordingly, the order incorporating that Agreement is void. (Doc. No. 239 at 16–20.)  Plaintiffs argue that the defendant City did not surrender its police power because no provision of the Settlement Agreement amounts to a full contracting away of its right to exercise police powers.  (Doc. No. 240 at 16–20.)

"[I]t is settled that the government may not contract away its right to exercise the police power in the future." *Avco Cmty. Devs., Inc. v. S. Coast Reg. Comm'n*, 17 Cal.3d 785, 800 (1976).  As the California Court of Appeal has recognized, "[r]eservation of the police power is implicit in all government contracts and private parties take their rights subject to that reservation. Thus, we will not read into the contract an abrogation of the potential future exercise of the sovereign police power." *108 Holdings, Ltd. v. City of Rohnert Park*, 136 Cal. App. 4th 186, 196 (2006) (internal quotation marks, citations, and brackets omitted).  However, "[a] contract which appears to have been fair, just, and reasonable at the time of its execution, and prompted by the necessities of the situation or in its nature advantageous to the municipality at the time it was entered into, is neither void nor voidable merely because some of its executory features may extend beyond the terms of office of the members of the legislative body which entered into the contract." *Santa Margarita Area Residents Together v. San Luis Obispo County*, 84 Cal. App. 4th 221, 232 (2000) (internal quotation marks omitted).

In advancing this argument, defendants exclusively cite cases involving municipal and county governments contracting away their ability to enforce zoning restrictions as to specific parties.  (Doc. No. 239 at 18–20.)  Notably, defendants concede that they can enforce the restricted Anti-Camping Ordinances so long as they comply with an enforcement procedure that they agreed to in the Settlement Agreement.  (*Id.* at 18.)  This concession that defendants can enforce the Anti-Camping Ordinances so long as they follow certain procedures strongly indicates that the Settlement Agreement in this case does not constitute a surrender of the City's police power.  *See 108 Holdings, Ltd.*, 136 Cal. App. 4th at 195–98 (finding that a settlement agreement which required the city council to interpret and apply its General Plan in a specific

7

manner did not surrender the city's legislative powers because it did not provide "veto powers" over the General Plan to the private party).

Moreover, as plaintiffs retort (Doc. No. 240 at 20), federal courts frequently permit settlement agreements that place limits on unconstitutional police practices. *See e.g. Anti-Police-Terror Project v. City of Oakland*, 477 F. Supp. 3d 1066, 1076–78 (N.D. Cal. 2020) (describing various police training policies required by settlement agreements and federal court orders). Defendants do not respond to this argument in their reply and fail to cite any authority that requiring additional procedures in connection with the enforcement of a criminal statute constitutes a "surrender" of defendants' police power, nor has the court identified any such authority. At the hearing on the pending motion, the court addressed the parties regarding whether there is any authority suggesting that a municipality cannot agree to heightened due process protections prior to enforcement of a criminal statute. (Doc. No. 253.) Defendants did not identify any such authority. At that time plaintiffs pointed to the decision in *La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083 (9th Cir. 2010) as implying that a municipality could enter into such an agreement. 624 F.3d at 1089 (finding, in reference to a settlement agreement which bound the defendant municipality from taking certain criminal enforcement actions, that "[t]here is no doubt here that the settlement agreement at issue here is judicially enforceable[.]"). Therefore, in light of defendants failing to provide any legal authority supporting their contention in this regard, the court concludes that defendants have failed to satisfy their burden under Rule 60(b)(4).

Accordingly, the court will deny defendants' motion for relief from the Settlement Agreement brought pursuant to Federal Rule of Civil Procedure 60(b)(4).

**B.      Rule 60(b)(5)**

Defendants also move for the vacatur of the Settlement Agreement pursuant to Federal Rule of Civil Procedure 60(b)(5) on the same bases which the court has already rejected in the context of their Rule 60(b)(4) motion. For the same reasons as discussed above, the court will also deny defendants' motion as untimely and because they have failed to demonstrate that they would be entitled to relief even if the court reached the merits of that motion.

8

**CONCLUSION**

For the reasons above, defendants' motion for relief from final judgment (Doc. No. 239) is DENIED.

IT IS SO ORDERED.

Dated:    **March 20, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE